## Allen McMahon v. Columbus C. Scott.

### Gen. No. 4,734.

1. VERDICT—*when not disturbed.* Where the question at issue is one of identification and the evidence is in conflict, a verdict will not be disturbed unless some material error of law has intervened.

2. INSTRUCTION—*upon preponderance of evidence, approved.* An instruction is proper which tells the jury that the burden of proof was upon the plaintiff and for him to recover he must prove his case by a preponderance of the evidence, and if the jury find that the evidence is evenly balanced or that it preponderates in favor of the defendant, then the plaintiff could not recover and the jury should find for the defendant.

3. INSTRUCTION—*in replevin, as to what plaintiff must prove to recover, approved.* An instruction is proper which tells the jury in substance that the plaintiff to recover in replevin must do so upon the strength of his own title, where it appears that the property in question was indisputably in possession of the defendant.

Replevin. Appeal from the Circuit Court of Winnebago county; the Hon. ARTHUR H. FROST, Judge, presiding. Heard in this court at the October term, 1906. Affirmed. Opinion filed March 13, 1907.

FISHER & NORTH, for appellant.

E. D. REYNOLDS, for appellee.

MR. JUSTICE WILLIS delivered the opinion of the court.

This is an action in replevin originally commenced before a justice of the peace of Winnebago county, by appellant against appellee, a trial and judgment had for appellant, and the case taken on appeal to the Circuit Court of said county where a trial was had and a verdict in appellee's favor. A motion for a new trial was overruled, judgment for costs entered on the verdict against appellant and the cause brought to this court by appeal.

The parties owned adjoining farms upon which were kept a number of hogs. Appellee raised forty-four during the season of 1905, of which number one died

in the summer. Their general color was black, some being marked with white on the head and feet. Appellant had more than one hundred that year, but just how many he did not know. One was killed in the summer and its head eaten off so that it could not be identified. In December appellant concluded that a Poland china sow he had purchased in July, but had not seen since September, was lost. Searching for the missing animal, he visited the hog pen of appellee, where there were forty-three hogs. A day or two later he returned to apelleee's premises and claimed that one of the hogs in the pen was his, demanding of appellee its surrender. Upon appellee's refusal to give up the animal this suit was instituted.

On the trial appellant testified that he identified the hog by the white marks on its feet and head, and was supported by a number of witnesses who also based their opinions upon the white marks on the hog. Appellee testified that he identified the hog as his from the fact that it was one of the forty-three pigs he raised that summer, and that he had seen and had fed this, with the others, daily. He was supported by the testimony of several witnesses who testified they knew the hog in question from seeing it from day to day or from time to time during the summer season, and that they had counted the hogs repeatedly and knew that there were only forty-three on appellee's premises when appellant claimed that he identified his hog as one of the forty-three in the pen. Some of the witnesses testified that there were other hogs in appellee's pen marked similarly to the one claimed by appellant. This being purely a question of identification and largely a matter of opinion, a more appropriate case for a final decision by a jury could hardly be imagined, and unless some material error of law has intervened the verdict of the jury should not be disturbed.

The evidence admitted over objection was competent, as its tendency was to show that appellant could not

be sure of the identity of the hog from its marks, when there were in the same pen several other hogs marked substantially the same.

It is urged that the trial court erred in giving the first and second instructions on behalf of appellee. The first advised the jury that the burden of proof was on the plaintiff and for him to recover he must prove his case by a preponderance of the evidence, and if the jury found the evidence evenly balanced, or that it preponderated in favor of the defendant, then the plaintiff could not recover and the jury should find for the defendant. The second instructed the jury that it was conceded in this case that the hog in question was in possession of the defendant at the time of the commencement of this suit, and under such an issue the plaintiff must recover on the strength of his own title, and if he failed to establish by a preponderance of the evidence that the hog in question belonged to him, they should find for the defendant. Each of the instructions, the substance of which is above stated, was correct in principle and applicable to the evidence, and not erroneously given. Appellant's criticism that the instructions complained of omitted his theory of the case could have been obviated by his offering instructions, based on the evidence, covering his theory of the case.

Finding no error in the record the judgment is affirmed.

*Affirmed.*